# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## WILLIAM HUNTER WILLIAMS v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5473    Lynn W. Brown, Judge**

_____

**No. E2009-01793-CCA-R3-HC - Filed April 6, 2010**

_____

The pro se Petitioner, William Hunter Williams, appeals from the trial court's order denying his petition for the writ of habeas corpus. The State has filed a motion requesting that this court affirm the order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petition fails to state a cognizable claim for habeas corpus relief. The State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

William Hunter Williams, Jr., Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

According to the petition, the Petitioner pled guilty on December 10, 1998, to second degree murder, three counts of aggravated burglary, and misdemeanor assault. Other charges were dismissed as part of the plea agreement. The plea agreement called for an effective twenty-year sentence, which was also the length of the sentence for the second degree murder conviction.

On July 10, 2009, the Petitioner filed a petition for the writ of habeas corpus. He alleged that his second degree murder sentence was illegal because there were no enhancement factors found to enhance his sentence, yet he did not receive the minimum

sentence within the range, fifteen years. The Petitioner cited 2005 amendments to the Criminal Sentencing Reform Act to support his claim, despite the fact that he was sentenced in 1998 for his crime occurring on April 3, 1998. The trial court dismissed the petition because it failed to state a colorable claim.

In Tennessee, the grounds upon which habeas corpus relief may be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel Newsome v. Henderson, 424 S.W.2d 186, 189 (1969). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

The Petitioner has failed to state a cognizable claim for habeas corpus relief. At the time the Petitioner committed the crime and entered his plea, the punishment for second degree murder, a Class A felony was fifteen to sixty years. T.C.A. § 40-35-111(b)(1) (2006) (amended 2007). The presumptive sentence for a Class A felony if no mitigating or enhancement factors were present was, at that time, the midpoint of the defendant's range. T.C.A. § 40-35-210(c) (Supp. 1999) (amended 2000, 2005). The Petitioner's sentence was within the range specified for the offense to which he pled guilty. The sentence was part of a plea agreement that the Petitioner accepted. Even if the length of the Petitioner's sentence had been determined at a sentencing hearing by a judge, rather than through a plea agreement, there is no provision of law which allowed for the Petitioner to be resentenced when the Sentencing Reform Act was later amended to state that the presumptive sentence was the minimum within the range if there are no enhancement or mitigating factors. See generally T.C.A. § 40-35-101 to -505 (2006 & Supp. 2009). The current law is available only to "defendants who are sentenced after June 7, 2005, for offenses committed on or after July 1, 1982[.]" T.C.A. § 40-35-210, Compiler's Notes (2006) (emphasis added). The Petitioner's twenty-year sentence is not illegal and cannot form the basis for habeas corpus relief.

Upon consideration of the pleadings, the record, and the applicable law, the court concludes that the Petitioner has not established that he is entitled to habeas corpus relief.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
JOSEPH M. TIPTON, PRESIDING JUDGE